UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

ALICIA EVANS,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

**MEMORANDUM AND ORDER**

20-CV-3818 (LDH)

---

LaSHANN DeARCY HALL, United States District Judge:

      Alicia Evans ("Plaintiff") appeals the final decision of the Commissioner of Social Security ("Defendant" or "Commissioner") denying Plaintiff's claim for disability insurance benefits under Title II of the Social Security Act (the "Act"). Plaintiff moves pursuant to Federal Rule of Civil Procedure 12(c) for judgment on the pleadings reversing the Commissioner's decision and remanding to an administrative law judge ("ALJ") for further proceedings. (*See* Pl.'s Mem. L. Supp. Mot. J. Pleadings ("Pl.'s Mem."), ECF No. 14-1.) Defendant cross-moves pursuant to Rule 12(c) for judgment on the pleadings affirming the Commissioner's final decision. (*See* Def.'s Mem. L. Supp. Cross-Mot. J. Pleadings ("Def.'s Mem."), ECF No. 15-1.)

## BACKGROUND

      On January 14, 2017, Plaintiff applied for disability insurance benefits alleging disability beginning on July 21, 2016, due to high blood pressure, thyroid removal, left should injury, left hand pain and numbness, swollen bilateral knees, and tingling in the right hand. (Admin. Tr. ("Tr.") at 232, ECF No. 9.) Plaintiff's claim was denied, and she requested a hearing before an ALJ. (*Id*. at 137–138.) Plaintiff appeared with counsel before an ALJ on October 31, 2018, and September 25, 2019. (*Id*. at 71–82, 84–110.) On October 20, 2019, the ALJ issued a decision finding Plaintiff was not disabled. (*Id*. at 13–30.) Plaintiff's request for review by the Appeals

Council was denied on July 14, 2020, making the ALJ's decision final. (*Id*. at 1–6.) Plaintiff's appeal to this Court followed.

## STANDARD OF REVIEW

Under the Social Security Act, a disability claimant may seek judicial review of the Commissioner's decision to deny his application for benefits. 42 U.S.C. §§ 405(g), 1383(c)(3); *see also Felder v. Astrue*, No. 10-cv-5747, 2012 WL 3993594, at *8 (E.D.N.Y. Sept. 11, 2012). In conducting such a review, the Court is tasked only with determining whether the Commissioner's decision is based upon correct legal standards and supported by substantial evidence. 42 U.S.C. § 405(g); *see also Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (citing *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000)).

The substantial-evidence standard does not require that the Commissioner's decision be supported by a preponderance of the evidence. *Schauer v. Schweiker*, 675 F.2d 55, 57 (2d Cir. 1982) ("[A] factual issue in a benefits proceeding need not be resolved in accordance with the preponderance of the evidence . . . ."). Instead, the Commissioner's decision need only be supported by "more than a mere scintilla" of evidence and by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148 (2019).

In deciding whether substantial evidence supports the Commissioner's findings, the Court must examine the entire record and consider all evidence that could either support or contradict the Commissioner's determination. *See Jones ex rel. T.J. v. Astrue*, No. 07-cv-4886, 2010 WL 1049283, at *4 (E.D.N.Y. Mar. 17, 2010) (citing *Snell v. Apfel*, 171 F.3d 128, 132 (2d Cir. 1999)), *aff'd sub nom. Jones ex rel. Jones v. Comm'r of Soc. Sec.*, 432 F. App'x 23 (2d Cir. 2011). Still, the Court must defer to the Commissioner's conclusions regarding the weight of

conflicting evidence. *See Cage v. Comm'r of Social Sec.*, 692 F.3d 118, 122 (2d Cir. 2012) (citing *Clark v. Comm'r of Soc. Sec.*, 143 F.3d 115, 118 (2d Cir. 1998)). If the Commissioner's findings are supported by substantial evidence, then they are conclusive and must be affirmed. *Ortiz v. Comm'r of Soc. Sec.*, No. 15-CV-3966, 2016 WL 3264162, at *3 (E.D.N.Y. June 14, 2016) (citing 42 U.S.C. § 405(g)). Indeed, if supported by substantial evidence, the Commissioner's findings must be sustained, even if substantial evidence could support a contrary conclusion or where the Court's independent analysis might differ from the Commissioner's. *See Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992) (citing *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982)); *Anderson v. Sullivan*, 725 F. Supp. 704, 706 (W.D.N.Y. 1989); *Spena v. Heckler*, 587 F. Supp. 1279, 1282 (S.D.N.Y. 1984).

## DISCUSSION

Plaintiff argues that the medical evidence does not support the ALJ's finding that Plaintiff can perform light work. Specifically, Plaintiff argues that the medical records are inconsistent with the ALJ's determination that Plaintiff has a residual functional capacity ("RFC") to lift or carry up to 20 pounds, stand or walk six hours in an eight-hour workday, and sit for six hours in a workday. (Pl.'s Mem. at 10.) The Court disagrees.

According to 20 C.F.R. § 404.1527(b), "[l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds[]" and "requires a good deal of walking or standing, or . . . involves sitting most of the time with some pushing and pulling of arms or leg controls." 20 C.F.R. § 404.1527(b). Relevant here, the ALJ found that Plaintiff has an RFC to perform light work with the following limitations:

> [Plaintiff] can lift and carry and push and pull 20 pounds occasionally and 10 pounds frequently. She can stand and walk for six hours of an eight-hour workday, for 30 minutes at a time, with the option to sit at the workstation for ten minutes

3

> and continue working after 30 minutes of standing or walking. [Plaintiff] can sit for six hours of an eight-hour workday.

(Tr. at 19.) "Courts within this Circuit have held that opinions of . . . 'mild to moderate limitations' support RFC findings that claimants are capable of 'light work.'" *Gerry v. Berryhill*, 2019 WL 955157, *3 (E.D.N.Y. Feb. 26, 2019) (collecting cases).

Plaintiff argues that the only doctors who presented an opinion on her ability to lift or carry—Dr. Chaim Shtock, Dr. Anthony Spataro, and the "doctor at Central Medical Services"—found she is limited to lifting or carrying 10 pounds. That is not altogether accurate. Dr. Spataro examined Plaintiff in September 2016 for worker's compensation purposes and found that Plaintiff "would be capable of working with restrictions of light duty work with restrictions of no lifting, pushing or pulling greater than 10 pounds." (*Id.* at 385.) Just one month later, however, Dr. Spataro narrowed Plaintiff's lifting, pushing, or pulling restriction to just Plaintiff's "left upper extremity." (*Id.* at 390.) Dr. Spataro noted the 10 pound limitation only applied to Plaintiff's left upper extremity again in December 2016 and January 2017, but did not assess any limitation with Plaintiff's right arm. (*Id.* at 380, 395.) Ultimately, the ALJ accorded Dr. Spataro's opinion little weight, noting that he examined Plaintiff for worker's compensation purposes, did not have a treating relationship with Plaintiff, and provided his opinion soon after the alleged onset date. (*Id.* at 23.) Against that backdrop, the ALJ went on to note that subsequent medical records showed significant improvement in Plaintiff's functioning and the record did not support Dr. Spataro's opinion. (*Id.*) Consultative examiner Dr. Shtock opined that Plaintiff has "mild limitation with heavy lifting." (*Id.* at 552.) Dr. Shtock further provided that Plaintiff could "frequently" lift or carry up to 10 pounds. (*Id.* at 555.) Dr. Shtock did not explicitly find that Plaintiff cannot occasionally lift or carry 20 pounds. Moreover, consultative examiner Dr. Lyudmila Trimba found that Plaintiff had a "moderate limitation in her ability to . .

4

. push, pull, or carry heavy objects." (*Id*. at 461.)  At bottom, Plaintiff's mild to moderate limitations in her ability to push, pull, or carry, are not inconsistent with the ALJ's RFC determination.

With respect to sitting and standing, Dr. Trimba found that Plaintiff had "a mild limitation in the . . . ability to sit for a prolonged time[,]" and "mild to moderate limitation in her ability to stand for a prolonged time." (*Id*. at 461.)  Dr. Shtock found that Plaintiff could stand for 20–25 minutes continuously for a total of two hours in a workday, and walk for 25–30 minutes continuously for a total of two hours in a workday. (*Id*. at 555–56.)  The ALJ gave both Dr. Trimba and Dr. Shtock's opinions some weight, noting that they only conducted a one-time assessment of Plaintiff's functioning. (*Id*. at 21–22.)  Still, the ALJ accommodated Dr. Trimba's opinion by limiting Plaintiff to light work "where she has the option to sit at the work station for ten minutes and continue working after 30 minutes of standing or walking." (*Id*. at 21.)  The ALJ accommodated Dr. Shtock's opinion by limiting Plaintiff to light work "with a sit/stand option." (*Id*. at 22.)  Plaintiff fails to articulate how the ALJ errored in evaluating and incorporating these opinions in the RFC determination.

Moreover, Plaintiff's reliance on the opinion provided by a "doctor at Central Medical Services" is unavailing.  These records from 2016, 2017, and 2018 indicate that Plaintiff can stand/walk less than 1 hour in a workday, sit less than 2 hours in a workday, and lift/carry less than 3 pounds. (*Id*. at 514–16.)  Conspicuously, as the ALJ noted, these records are signed by Plaintiff herself and, therefore, are appropriately characterized as nonmedical records.  *See* 20 C.F.R. § 404.1502(e)(1) ("Nonmedical source means a source of evidence who is not a medical source.  This includes, but is not limited to: You.").

Finally, Plaintiff argues that the ALJ's "vocational findings are not sustainable." (Pl.'s Mem. at 12.)  Without elaboration, it is entirely unclear what argument Plaintiff attempts to assert by making this conclusory statement.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for judgment on the pleadings is DENIED, Defendant's cross-motion for judgment on the pleadings in GRANTED, and the Commissioner's final decision is AFFIRMED.

                                              SO ORDERED.

Dated: Brooklyn, New York                      /s/ LDH
       March 29, 2022                              LaSHANN DeARCY HALL
                                                United States District Judge